1  KAMALA D. HARRIS
   Attorney General of California
2  JAMES R. POTTER, State Bar No. 166992
     Deputy Attorneys General
3    300 South Spring Street, Suite 1702
     Los Angeles, CA 90013
4    Telephone: (213) 897-2637
     Fax: (213) 897-2802
5    E-mail: James.Potter@doj.ca.gov
   *Attorneys for Plaintiffs*
6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11
   CALIFORNIA DEPARTMENT OF          Case No.:
12 TOXIC SUBSTANCES CONTROL
   and the CALIFORNIA TOXIC          **THIRD COMPLAINT FOR**
13 SUBSTANCES CONTROL                **RECOVERY OF RESPONSE**
   ACCOUNT,                          **COSTS, INJUNCTIVE AND**
14                                   **DECLARATORY RELIEF UNDER**
                          Plaintiffs, **FEDERAL AND STATE LAW**
15
                                     
16              v.

17 AMERICAN HONDA MOTOR CO.,
   INC.; AMERON INTERNATIONAL
18 CORPORATION; ANADARKO E&P
   ONSHORE LLC; ASHLAND
19 CHEMICAL COMPANY; ATLANTIC
   RICHFIELD COMPANY; AZUSA
20 LAND RECLAMATION, INC.;
   BAKER HUGHES OILFIELD
21 OPERATIONS, INC.; BAKER
   PETROLITE CORPORATION;
22 BAYER CROPSCIENCE INC.; BIG
   HEART PET BRANDS; THE BOEING
23 COMPANY; CHEMICAL WASTE
   MANAGEMENT, INC.; CHEVRON
24 ENVIRONMENTAL MANAGEMENT
   COMPANY; CHEVRON MARINE
25 LLC; CITY OF LOS ANGELES,
   ACTING BY AND THROUGH THE
26 LOS ANGELES DEPARTMENT OF
   WATER AND POWER;
27 CONOCOPHILLIPS COMPANY;
   CROSBY & OVERTON, INC.; THE
28 DOW CHEMICAL COMPANY;
   DUCOMMUN AEROSTRUCTURES,

                          1
                                              COMPLAINT

1  INC.; ESSEX CHEMICAL
CORPORATION;  EXXON MOBIL
2  CORPORATION; FILTROL
CORPORATION; GEMINI
3  INDUSTRIES, INC.; GENERAL
DYNAMICS CORPORATION;
4  GENERAL LATEX AND CHEMICAL
CORPORATION; HEWLETT-
5  PACKARD COMPANY;
HONEYWELL INTERNATIONAL
6  INC.; HUGO NEU-PROLER;
HUNTINGTON BEACH COMPANY;
7  LOCKHEED MARTIN
CORPORATION; MARS, INC.;
8  MORTELL COMPANY; MORTON
INTERNATIONAL, INC.; NATIONAL
9  STEEL AND SHIPBUILDING
COMPANY; NORTHROP
10  GRUMMAN SYSTEMS
CORPORATION; THE PROCTER &
11  GAMBLE MANUFACTURING
COMPANY; QUEMETCO, INC.;
12  RAYTHEON COMPANY;
ROCKWELL AUTOMATION, INC.;
13  ROHM AND HAAS COMPANY;
ROHR, INC.; SAN DIEGO GAS &
14  ELECTRIC COMPANY; SHELL OIL
COMPANY; SOUTHERN
15  CALIFORNIA GAS COMPANY;
SOUTHERN CALIFORNIA EDISON
16  COMPANY; UNION CARBIDE
CORPORATION; UNION PACIFIC
17  RAILROAD; UNISYS
CORPORATION; UNITED STATES
18  STEEL CORPORATION; UNITED
TECHNOLOGIES CORPORATION;
19  UNIVAR USA INC.; USA WASTE OF
CALIFORNIA, INC.; VIGOR
20  SHIPYARDS, INC.; WASTE
MANAGEMENT COLLECTION AND
21  RECYCLING, INC.; WASTE
MANAGEMENT OF CALIFORNIA,
22  INC.; WASTE MANAGEMENT
RECYCLING AND DISPOSAL
23  SERVICES OF CALIFORNIA, INC.;
WESTERN WASTE INDUSTRIES;
24  AND XEROX CORPORATION.

25                              Defendants.

26

27

28

2

PLAINTIFFS, CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL AND THE CALIFORNIA TOXIC SUBSTANCES CONTROL ACCOUNT, ALLEGE AS FOLLOWS:

1.   This is a civil action by the Plaintiff California Department of Toxic Substances Control ("DTSC") and the California Toxic Substances Control Account ("Account") for recovery of past response costs and for declaratory relief pursuant to sections 107 and 113 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9607 and 9613, and for injunctive relief pursuant to California Health and Safety Code section 25358.3(e).

2.   Plaintiffs have incurred response costs in connection with actions taken pursuant to CERCLA and related state law in response to releases or threatened releases of hazardous substances at a Class I hazardous waste landfill owned by BKK Corporation ("BKK Corp."), which is located at 2210 South Azusa Avenue, West Covina, County of Los Angeles, California.  That Class I hazardous waste landfill, together with the Leachate Treatment Plant, integrated gas collection systems, the service roads, and related pollution control equipment serving it will be referred to herein as "the Subject Property."

**JURISDICTION AND VENUE**

3.   This Court has jurisdiction over claims by Plaintiffs under federal law pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 9613(b).  Venue is proper in this district under 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b) because a release or threatened release of hazardous substances into the environment, and the other events or omissions that give rise to the claims herein, occurred in this judicial district.  This Court has jurisdiction over the subject matter of the claims made under state law in this action under 28 U.S.C. § 1367(a) (supplemental jurisdiction) because the claims under state law arise out of the same common nucleus of facts as

the federal question jurisdiction claims set forth in this Complaint and they are so closely related to the actions brought under federal law that they form part of the same case or controversy.

## STATEMENT OF THE CLAIM

4.   Plaintiffs bring claims for recovery of past costs and for declaratory relief pursuant to sections 107(a) and 113(g) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(g), for response, removal, and remedial costs resulting from a release or threat of release of hazardous substances at the Subject Property, and pursuant to California Health and Safety Code section 25358.3(e), for injunctive relief to abate the threat from an imminent or substantial endangerment presented by the release or threatened release of hazardous substances.

## PLAINTIFFS

5.   Plaintiff DTSC is an agency of the State of California organized and existing pursuant to California Health and Safety Code section 58000, *et seq.* Under California law, DTSC is charged with the responsibility for responding to releases or threatened releases of hazardous substances that pose a threat to the public health or the environment.  Plaintiff Account is an account within the State General Fund that is administered by the Director of DTSC.  Pursuant to California Health and Safety Code section 25361, the Account may sue in its own name to recover response costs it incurs.

## DEFENDANTS

6.   Defendant American Honda Motor Co., Inc. is a corporation organized under the laws of the State of California.  At all times referred to herein, American Honda Motor Co., Inc. was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

4

COMPLAINT

7.   Defendant Ameron International Corp. is a corporation organized under the laws of the State of Kentucky.  At all times referred to herein, Ameron International Corp., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

8.   Defendant Anadarko E&P Onshore LLC is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Anadarko E & P Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

9.   Defendant Ashland Chemical Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Ashland Chemical Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

10. Defendant Atlantic Richfield Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Atlantic Richfield Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

11. Defendant Azusa Land Reclamation, Inc. is a corporation organized under the laws of the State of California.  At all times referred to herein, Azusa Land Reclamation, Inc., or its corporate predecessor, was and is authorized to do

COMPLAINT

business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

12. Defendant Baker Hughes Oilfield Operations  is a corporation organized under the laws of the State of California.  At all times referred to herein, Baker Hughes Oilfield Operations, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

13. Defendant Baker Petrolite Corporation (for former entity Petrolite Corporation) is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Baker Petrolite Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

14. Defendant Bayer Cropscience, Inc. is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Bayer Cropscience, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

15. Defendant Big Heart Pet Brands is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Bayer Cropscience, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous

COMPLAINT

substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

16. Defendant The Boeing Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, The Boeing Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

17. Defendant Chemical Waste Management, Inc. is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Chemical Waste Management, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and  arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

18. Defendant Chevron Environmental Management Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Chevron Environmental Management Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

19. Defendant Chevron Marine LLC is a limited corporation organized under the laws of the State of Pennsylvania.  At all times referred to herein, Chevron Marine LLC, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

COMPLAINT

20. Defendant City of Los Angeles, acting by and through the Los Angeles Department of Water and Power, is a municipal utility, and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

21. Defendant ConocoPhillips Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, ConocoPhillips Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

22. Defendant Crosby & Overton, Inc. is a corporation organized under the laws of the State of  California.  At all times referred to herein, Crosby & Overton, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

23. Defendant The Dow Chemical Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, The Dow Chemical Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

24. Defendant Ducommun Aerostructures, Inc. is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Ducommun Aerostructures, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal

COMPLAINT

of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

25. Defendant Essex Chemical Corporation is a corporation organized under the laws of the State of New Jersey.  At all times referred to herein, Essex Chemical Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

26. Defendant Exxon Mobil Corporation is a corporation organized under the laws of the State of New Jersey.  At all times referred to herein, Exxon Mobil Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

27. Defendant Filtrol Corporation is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Filtrol Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

28. Defendant Gemini Industries, Inc. is a corporation organized under the laws of the State of California.  At all times referred to herein, Gemini Industries, Inc. or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

COMPLAINT

29. Defendant General Dynamics Corporation is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, General Dynamics Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

30. Defendant General Latex And Chemical Corporation is a corporation organized under the laws of the State of Massachusetts.  At all times referred to herein, General Latex And Chemical Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

31. Defendant Hewlett-Packard Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Hewlett-Packard Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

32. Defendant Honeywell International, Inc. is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Honeywell International, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

33. Defendant Hugo Neu Proler is a General Partnership.  At all times referred to herein, Hugo Neu Proler, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and

COMPLAINT

arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

34. Defendant Huntington Beach Company is a corporation organized under the laws of the State of California.  At all times referred to herein, Huntington Beach Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

35. Defendant Lockheed Martin Corporation is a corporation organized under the laws of the State of Maryland.  At all times referred to herein, Lockheed Martin Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

36. Defendant Mars, Inc. (successor in interest to Kal Kan Foods, Inc.) is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Mars, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

37. Defendant Mortell Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Mortell Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

COMPLAINT

38. Defendant Morton International, Inc. is a corporation organized under the laws of the State of Indiana.  At all times referred to herein, Morton International, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

39. Defendant National Steel and Shipbuilding Company is a corporation organized under the laws of the State of Nevada.  At all times referred to herein, National Steel and Shipbuilding Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

40. Defendant Northrop Grumman Corporation is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Northrop Grumman Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

41. Defendant The Proctor & Gamble Corporation is a corporation organized under the laws of the State of Ohio.  At all times referred to herein, Proctor & Gamble, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

42. Defendant Quemetco, Inc. is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Quemetco, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing

COMPLAINT

business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

43. Defendant Raytheon Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Raytheon Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

44. Defendant Rockwell Automation, Inc. is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Rockwell Automation, Inc, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

45. Defendant Rohm and Haas Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Rohm And Haas Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

46. Defendant Rohr, Inc. is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Rohr, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

COMPLAINT

47. Defendant San Diego Gas & Electric Company is a corporation organized under the laws of the State of California.  At all times referred to herein, San Diego Gas & Electric Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

48. Defendant Shell Oil Company is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Shell Oil Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

49. Defendant Southern California Edison Company is a corporation organized under the laws of the State of California.  At all times referred to herein, Southern California Edison Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

50. Defendant Southern California Gas Company is a corporation organized under the laws of the State of California.  At all times referred to herein, Southern California Gas Company, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

51. Defendant Union Carbide Corporation is a corporation organized under the laws of the State of New York.  At all times referred to herein, Union Carbide Corporation, or its corporate predecessor, was and is authorized to do business, and

was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

52. Defendant Union Pacific Railroad is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Union Pacific Railroad, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

53. Defendant Unisys Corporation as successor to Burroughs Corporation is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, Unisys Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

54. Defendant United States Steel Corporation is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, United States Steel Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

55. Defendant United Technologies (for Inmont Corporation) is a corporation organized under the laws of the State of Delaware.  At all times referred to herein, United Technologies for Inmont Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

COMPLAINT

56. Defendant Univar USA Inc. is a corporation organized under the laws of the State of Washington. At all times referred to herein, Univar USA Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

57. Defendant USA Waste of California, Inc. is a corporation organized under the laws of the State of California. At all times referred to herein, USA Waste of California, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

58. Defendant Vigor Shipyards, Inc. (f/k/a Todd Pacific Shipyards Corporation) is a corporation organized under the laws of the State of Delaware. At all times referred to herein, Vigor Shipyards, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

59. Defendant Waste Management Collection and Recycling, Inc. is a corporation organized under the laws of the State of California. At all times referred to herein, Waste Management Collection and Recycling, Inc., or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California, and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

60. Defendant Waste Management of California is a corporation organized under the laws of the State of California. At all times referred to herein, Waste

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Management of California, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California, and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

61. Defendant Waste Management Recycling and Disposal Services of California is a corporation organized under the laws of the State of California.  At all times referred to herein, Waste Management Recycling and Disposal Services of California, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California, and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

62. Defendant Western Waste Industries is a corporation organized under the laws of the State of California.  At all times referred to herein, Western Waste Industries, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

63. Defendant Xerox Corporation is a corporation organized under the laws of the State of New York.  At all times referred to herein, Xerox Corporation, or its corporate predecessor, was and is authorized to do business, and was and is doing business, in California and arranged for the disposal of a hazardous substance at the Subject Property, as those terms are described in section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

64. The defendants identified in paragraphs 6 through 63 are collectively referred to herein as "Defendants."

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## BACKGROUND

65. BKK Corp. owns and operates the closed hazardous waste Class I Landfill, a closed municipal Class III Landfill, and the operating Leachate Treatment Plant located at 2210 South Azusa Avenue, West Covina, County of Los Angeles, California ("the BKK Facility").

66. Home Savings of America, FSB ("Home Savings") and/or one of its affiliates owned the BKK Facility from approximately 1962 to 1977 and was an owner and operator of the Class I Landfill from the time of its inception until approximately 1977. Home Savings or its affiliate sold the BKK Facility to BKK Corp. in approximately 1976. The Class I Landfill ceased accepting hazardous waste in 1984, except for asbestos.

67. In the late 1980s, BKK Corp. closed the Class I Landfill under a closure plan approved by the California Department of Health Services (the predecessor agency to DTSC) and the United States Environmental Protection Agency.

68. During its operating life, the Class I Landfill accepted waste containing hazardous substances. From approximately 1969 to 1984, the Class I Landfill accepted in excess of 4 million tons of liquid and solid hazardous wastes, together with large amounts of other wastes. During this period and afterwards, there were sudden and accidental releases of hazardous substances.

69. Waste disposed at the Class I Landfill contained hazardous substances including, but not limited to, mercury, copper, lead, chromium, chromium III, chromium VI, K069 waste, zinc, cadmium, styrene, sodium bisulfate, hydrogen sulfide, aluminum sulfate, sodium hydroxide, potassium cyanide, thallium, sodium hydrosulfide, drilling muds, arsenic, nickel, ammonium hydroxide, polychlorinated biphenyls (PCBs), API separator sludge (K051), hydrochloric acid, nitric acid, pyridine, sodium hydroxide, phenol, methylene chloride, 1,1,1 trichloroethene, 1,4 dioxane solvent, napthalene, chromic acid, paraformaldehyde, sulfuric acid, xylene,

COMPLAINT

and tetraethyl lead.  Each of these substances is a "hazardous substance" as that term is used in 42 U.S.C. § 9601(14).

70. The onsite Leachate Treatment Plant, which serves both landfills, has been operating since approximately 1987.  Landfill leachate, gas condensate, and contaminated groundwater are commingled and treated at the Leachate Treatment Plant.

71. On June 30, 2004, DTSC issued a consolidated Hazardous Waste Facilities Permit for Leachate Treatment Plant Operation and Class I Landfill Post-Closure Care, which BKK Corp. appealed.

72. In or about October 2004, BKK Corp. notified DTSC that it was not financially able to perform further required post-closure care of the Class I Landfill, including operation of the Leachate Treatment Plant, after November 17, 2004.  As a result, DTSC hired a contractor to conduct emergency response activities at the Subject Property.  These activities are necessary to ensure continuous maintenance, monitoring, and operation of systems that are essential to protect public health, safety and the environment.

73. On December 2, 2004, DTSC issued an imminent and substantial endangerment order to fifty-one entities, including many of the Defendants.  The order required the named entities to take actions at the Subject Property to protect public health and safety and the environment.

74. Groundwater and landfill leachate at the Subject Property contains hazardous substances.  The gas collection system must be maintained and operated 24 hours per day to prevent releases of hazardous substances from the BKK Facility.  Releases of methane and vinyl chloride from these systems are of particular concern.  Groundwater/leachate extraction wells must also be operated to prevent migration of hazardous substances from the BKK Facility.

COMPLAINT

75. Failure to maintain and operate the groundwater and leachate extraction wells would result in migration of hazardous substances from the BKK Facility. This includes the potential for creating contaminated surface water bodies in areas where artesian conditions exist as well as impacting existing surface water bodies. Residential areas are located immediately to the south and southeast of the Subject Property.  Several homes are located only 25 to 50 feet away from the Subject Property.  Commercial areas are located immediately to the west of the Subject Property.

76. The Leachate Treatment Plant must be maintained and kept operational to process liquids coming from gas collection, leachate extraction, and groundwater extraction wells.  Failure to keep the Leachate Treatment Plant operational would force the shutdown of the wells.

77. The Class I Landfill cover must be maintained to prevent the release of hazardous substances to the air, possibly leading to exposure of persons nearby.  A flammable and potentially explosive atmosphere may also develop if methane released from the landfills mixes with ambient air.

78. On October 31, 2005, Plaintiffs filed a complaint against certain defendants. including roughly half of the Defendants, for: (1) recovery of past costs under CERCLA, pursuant to 42 U.S.C. § 9607(a); (2) declaratory relief under CERCLA pursuant to section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2); and (3) injunctive relief pursuant to California Health and Safety Code Section 25358.3(e).  *California Department of Toxic Substances Control, et. al. v. American Honda Motor Co., Inc., et. al.*, No. CV-05-7746, (C.D. Cal. October 31, 2005).  Concurrent with the filing of the complaint, Plaintiffs lodged a Consent Decree to resolve the issues in the complaint.  The Court entered the Amended First Consent Decree on March 9, 2006.

COMPLAINT

79. The Amended First Consent Decree required the settling defendants therein to, among other things, maintain and operate the major environmental protection systems at the Subject Property, to investigate certain landfill conditions, and to repair, upgrade and/or update certain subsystems.

80. With the Court's approval, all of the parties to the Amended First Consent Decree twice extended the Amended First Consent Decree past the initial termination date. During the period of extensions, two of the settling defendants – Washington Mutual Bank and General Motors – entered insolvency proceedings and defaulted on their remaining obligations. Thereafter, the non-defaulting parties to the Amended First Consent Decree executed a further series of extensions.

81. On May 10, 2010, Plaintiffs filed a second complaint in this Court against a number of defendants, including each of the non-defaulting settling defendants to the Amended First Consent Decree, alleging liability associated with the Subject Property that is part of the BKK Facility (the "Second Complaint"). *California Department of Toxic Substances Control, et. al. v. American Honda Motor Co., Inc., et. al.*, No. CV10-03378, (C.D. Cal. May 10, 2010). The Second Complaint asserts claims for recovery of Response Costs pursuant to CERCLA section 107, 42 U.S.C. § 9607, declaratory judgment pursuant to CERCLA section 113(g)(2), 42 U.S.C. § 9613(g)(2), and injunctive relief pursuant to California Health and Safety Code section 25358.3(3) in connection with alleged releases of Hazardous Substances into the environment at and from the Subject Property. DTSC lodged a proposed Second Consent Decree the same day.

82. On August 10, 2010, the Court entered the "Second Consent Decree," which required the settling defendants therein to continue various actions regarding the Subject Property, to reimburse DTSC for certain costs it had incurred and could in the future incur related to the Subject Property, and to conduct an engineering evaluation/cost analysis (EE/CA) for the Subject Property. The Second Consent

Decree became effective on August 10, 2010, for a three-year period.  The parties to the Second Consent Decree agreed to extend the Second Consent Decree until February 10, 2016.  The Court approved that extension on July 30, 2013.

83. DTSC is a "State" for the purposes of cost recovery under section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

84. The Subject Property is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

## FIRST CLAIM FOR RELIEF

(Recovery of Past Costs under CERCLA Against All Defendants)

(42 U.S.C. § 9607(a))

85. The allegations in each of the prior paragraphs are hereby incorporated as if fully alleged herein.

86. There have been releases and/or threatened releases of the hazardous substances listed in paragraph 69 above and other hazardous substances into the environment at and near the Subject Property within the meaning of section 101(22) of CERCLA, 42 U.S.C. § 9601(22).

87. As a result of the release or threatened release of hazardous substances at the Subject Property, Plaintiffs have incurred costs for response at the Subject Property within the meaning of section 101(25) of CERCLA, 42 U.S.C. § 9601(25). All response costs have been incurred by Plaintiffs in a manner that satisfies the requirements of section 107(a)(4), 42 U.S.C. § 9607(a)(4) in that the underlying activities are not inconsistent with the applicable requirements of the National Contingency Plan, 40 C.F.R. Part 300.

88. Defendants are jointly and severally liable to Plaintiffs without regard to fault or negligence under section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all past costs of response incurred by Plaintiffs in responding to the release or threatened release of hazardous substances at the Subject Property.

COMPLAINT

**SECOND CLAIM FOR RELIEF**

(Declaratory Relief under CERCLA Against All Defendants

(42 U.S.C. § 9613(g)(2))

89. The allegations in each of the prior paragraphs are hereby incorporated as if fully alleged herein.

90. Pursuant to section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the Plaintiffs are entitled to a declaratory judgment that all Defendants are jointly and severally liable for any further costs incurred in response to the release or threatened release of hazardous substances at the Subject Property which are not inconsistent with the applicable requirements of the National Contingency Plan.

**THIRD CLAIM FOR RELIEF**

(Injunctive Relief Against All Defendants)

(California Health and Safety Code Section 25358.3(e))

91. The allegations of each of the prior paragraphs are incorporated by reference as if fully alleged herein.

92. Where there has been a release or threatened release of a hazardous substance, California Health and Safety Code section 25358.3(e) permits DTSC to secure such relief from a responsible party or parties as is necessary to abate the release or threatened release.  When DTSC has shown that a release or threatened release of a hazardous substance has occurred or is occurring, and that there may be an imminent or substantial endangerment to the public health and safety or to the environment, the court may grant a temporary restraining order or a preliminary or permanent injunction.

93. There has been a release or threatened release of a hazardous substance from the Subject Property that DTSC has determined has caused an imminent or substantial endangerment to the public health or welfare and to the environment and

DTSC has determined that action is necessary to abate the danger or threat from the release or threatened release of hazardous substances to the environment.

94. Each Defendant is a responsible party liable pursuant to California Health and Safety Code section 25358.3(e) to take such action as necessary to abate the danger or threat caused by the release or threatened release of hazardous substances at the Subject Property.

## PRAYER FOR RELIEF

WHEREFORE; Plaintiffs pray for judgment against each of the Defendants:

1.     For a judgment that each Defendant is jointly and severally liable to Plaintiffs without regard to fault under section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for costs incurred by Plaintiffs in responding to the release or threatened release of hazardous substances at or from the Subject Property, such costs to include without limitation attorneys' fees, all enforcement costs, and the costs of this suit, in an amount to be proven at trial;

2.     For interest on the above sums as provided by section 107(a) of CERCLA, 42 U.S.C. § 9607(a);

3.     For a judgment, pursuant to section 113(g)(2) of CERCLA, 42 U.S.C. section 9613(g)(2), that all Defendants are jointly and severally liable to Plaintiffs without regard to fault for all further costs incurred in response to the release of hazardous substances to the Subject Property;

4.     For an order requiring each Defendant to take action pursuant to California Health and Safety Code section 25358.3(e) to abate the danger or threat

///

///

COMPLAINT

1
2
from an imminent or substantial endangerment from the release or threatened

release of hazardous substances at the Subject Property;

3
4
     5.    For such other relief as the Court deems just and proper.

5
Dated:  Feb 2, 2015             Respectfully submitted,

6
7
KAMALA D. HARRIS
Attorney General of California
JAMES R. POTTER,
Deputy Attorney General

8
9
/s/ James R. Potter

10
11
JAMES R. POTTER
Deputy Attorney General
*Attorneys for Plaintiffs*

12
13
LA2004CV0148
DocNo  60415324

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

25

COMPLAINT